IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LACKAWANNA TRANSPORT COMPANY,

      Plaintiff,

v.                            Civil Action No. 5:08CV66
                                         (STAMP)

PUBLIC SERVICE COMMISSION
OF WEST VIRGINIA and
WETZEL COUNTY SOLID WASTE
AUTHORITY,

      Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT PUBLIC SERVICE COMMISSION**
**OF WEST VIRGINIA'S MOTION TO DISMISS AND**
**GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I.  Procedural History

The plaintiff, Lackawanna Transport Company, filed a complaint under 42 U.S.C. § 1983 against the Public Service Commission of West Virginia and Wetzel County Solid Waste Authority, alleging that the defendants deprived the plaintiff of due process, equal protection, and other rights guaranteed by the United States Constitution. The defendant Public Service Commission of West Virginia filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to which the plaintiff responded and the defendant then replied. Also before this Court is plaintiff's fully-briefed motion to add party defendants and to amend its complaint to add party defendants. For the reasons set forth below, the defendant Public Service Commission of West Virginia's motion to dismiss is granted, and the plaintiff's motion to amend the complaint to add party defendants is granted.

## II.  <u>Facts</u>[1]

In 2001, Herbert L. Heiss, filed a complaint with the Public Service Commission of West Virginia ("Public Service Commission"), alleging that Lackawanna Transport Company ("Lackawanna" and/or "plaintiff"), doing business as Wetzel County Landfill, was operating a commercial sewage sludge composting facility without first obtaining the required Certificate of Need ("Certificate") under West Virginia Code § 24-2-1C(a), and requesting that Lackawanna apply for and obtain such Certificate.  Lackawanna's response to the complaint, in turn, was that the Public Service Commission previously granted it a Certificate for a landfill on the same site as the sewage sludge composting facility, and therefore, this earlier Certificate impliedly allowed Lackawanna to conduct composting operations on that same site.

Following several administrative proceedings, Lackawanna filed for a Certificate.  The Public Service Commission, however, then issued a ruling that Lackawanna was illegally operating the composting facility because it failed to acquire the necessary Certificate.  Lackawanna appealed the Public Service Commission's decision that it needed to obtain a Certificate for its composting facility to the West Virginia Supreme Court of Appeals, but the Court deferred any ruling until the Public Service Commission

---

[1]In accordance with the applicable standard of review, stated below concerning a motion to dismiss, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

determined whether Lackawanna's Certificate application would be granted.

Ultimately, the Public Service Commission denied Lackawanna's Certificate application,[2] and after Lackawanna filed a petition for reconsideration, which the Public Service Commission also denied, Lackawanna filed a second appeal to the West Virginia Supreme Court of Appeals, appealing the final order of the Public Service Commission refusing its Certificate application and denying its petition for reconsideration. Moreover, the Wetzel County Solid Waste Authority ("Wetzel County Waste") petitioned the West Virginia Supreme Court of Appeals for a writ of mandamus ordering the Public Service Commission to issue Lackawanna a cease and desist order for its illegal operation of the composting facility.

The West Virginia Supreme Court of Appeals refused both of Lackawanna's appeal petitions, making the Public Service Commission's denial of Lackawanna's Certificate application and subsequent motion for reconsideration final. The Court also determined that a writ of mandamus shall issue directing the Public Service Commission to issue a cease and desist order regarding Lackawanna's composting facility.

---

[2]In denying Lackawanna's Certificate application, the Public Service Commission noted that Lackawanna did not obtain siting approval from the Wetzel County Solid Waste Authority for its composting facility. Accordingly, because pursuant to West Virginia Code § 24-2-1C(d)(3), the Public Service Commission can only issue a Certificate where a facility's location is consistent with the solid waste authorities local siting plant, Lackawanna's application was denied.

After all of these proceedings, Lackawanna filed the above-styled civil action in this Court under 42 U.S.C. § 1983, seeking both declaratory and injunctive relief, and alleging that the Public Service Commission and Wetzel County Waste deprived Lackawanna of due process, equal protection, and certain other rights guaranteed by the United States Constitution.

## III.  Applicable Law

### A.  Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).  Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed 1990).  The Rule 12(b)(6) motion

also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  <u>Id.</u> § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  <u>Id.</u> § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. <u>Rogers</u>, 883 F.2d at 325.  A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim.  5A Wright & Miller, <u>supra</u> § 1357, at 344-45.

B.   <u>Motion to Amend Complaint</u>

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

IV. Discussion

A. Motion to Dismiss

The Public Service Commission argues that the plaintiff's § 1983 claims are barred by the Eleventh Amendment and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[3] In general, the Eleventh Amendment to the United States Constitution grants sovereign immunity to states from suits brought by private citizens in

---

[3]As noted by this Court in other opinions, the Fourth Circuit has not conclusively established whether a dismissal based on Eleventh Amendment immunity is a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6). See Andrews v. Daw, 201 F.3d 521, 525 n. 2 (4th Cir. 2000) (citing Fourth Circuit cases supporting each alternative). For the purposes of resolving the Public Service Commission's motion to dismiss, it is unnecessary to decide which provision of Rule 12 more appropriately applies. Thus, this Court will assume, without deciding, that a dismissal based on the Eleventh Amendment is one for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

federal court. Specifically, the Eleventh Amendment prohibits "any suit . . . against one of the United States by citizens of another State." U.S. Const. amend. XI. As interpreted, this provision also provides immunity to state agencies, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), and, subject to an exception where injunctive relief is sought, to state officials acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

It is undisputed that the Public Service Commission is an agency of the state of West Virginia. In Valero Terrestrial v. McCoy, 36 F. Supp. 2d 724, 746-47 (N.D. W. Va. 1997) (vacated on other grounds), this Court stated, in regards to the same issue currently before this Court, that

> [d]efendant Public Service Commission ("PSC") asserts that this Court lacks subject matter jurisdiction over the claims against it because the Eleventh Amendment bars the plaintiffs from filing suit against a state agency for prospective relief. This Court agrees.

In that case, this Court relied on Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993), in which the Supreme Court held that the doctrine of Ex Parte Young permits private plaintiffs to bring actions for prospective relief against state officials, but that challenging the constitutionality of official conduct does not permit a private plaintiff to sue a state or its agency for prospective relief. McCoy, 36 F. Supp. 2d at 747. Thus, finding that the Eleventh Amendment barred the plaintiffs' claims against the Public Service Commission, this

Court dismissed the Public Service Commission and any claims against it from suit.

The same holding must be applied in this case. Lackawanna has not named individual Public Service Commission officials as defendants. Rather, Lackawanna has improperly named the Public Service Commission, itself, as the defendant in this case. Because the Public Service Commission is a state agency, it is immune from suit as to Lackawanna's claims unless Congress has abrogated immunity or the Public Service Commission has consented to suit. Lackawanna is asserting its claims under 42 U.S.C. § 1983, which provides a federal cause of action for alleged violations of the constitution or laws of the United States. It is well-established law that Congress did not abrogate the Eleventh Amendment immunity of states when it enacted 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Nor has the Public Service Commission consented to suit in this case.[4] Therefore, pursuant to the Eleventh Amendment, the Public Service Commission is immune from suit as to

---

[4]"A state may waive its constitutional immunity and consent to suit in federal court, and when it does so, the eleventh amendment will not bar the action." Westinghouse Elec. Corp. v. West Virginia Dep't of Highways, 845 F.2d 468, 470 (4th Cir. 1988) (citing Clark v. Barnard, 108 U.S. 436 (1883)). A state can waive its immunity in one of two ways: "(1) directly by statutory or constitutional provision, or (2) 'constructively,' by voluntarily participating in a federal program when Congress has expressly conditioned state participation in that program on the state's consent to suit in federal court." Id. (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234 (1985)). Lackawanna has not argued, and this Court cannot find, either means of waiver in this case.

Lackawanna's claims.[5]  Accordingly, Lackawanna fails to state a claim upon which relief can be granted, and the Public Service Commission's motion to dismiss is granted.[6]

B.  <u>Motion to Amend Complaint</u>

Lackawanna seeks to amend its complaint to add the individual commissioners of the Public Service Commission, Michael Albert, Jon W. McKinney, and Ed Staats ("the commissioners"), in their official capacities, as defendants in this action pursuant to Rules 15(a)(2)

---

[5]In its motion to dismiss, the Public Service Commission also argues that it is immune under Article VI, Section 35 of the Constitution of West Virginia, which states, in pertinent part, "The State of West Virginia shall never be made defendant in any court of law or equity."  Similar to Eleventh Amendment sovereign immunity, "[t]he prohibition against suit so succinctly set out in the above constitutional provision relates not only to the State of West Virginia but extends to an agency of the state to which it has delegated performance of certain of its duties." <u>Hesse v. State Soil Conservation Comm.</u>, 168 S.E.2d 293, 295 (W. Va. 1969). Whether an entity is a state entity that is entitled to constitutional immunity depends on several factors: (1) whether the entity functions statewide; (2) whether the entity performs the work of the State; (3) whether the entity was created by the Legislature; (4) whether it is subject to local control; and (5) whether it is financially dependent on State coffers. <u>Pittsburgh Elevator Co. v. West Virginia Bd. of Regents</u>, 310 S.E.2d 675, 867 n.10 (W. Va. 1983) (internal citations omitted).  In applying these factors, this Court finds that the Public Service Commission is a state agency, and thus, it would also be immune from liability under Article VI, Section 35 of the Constitution of West Virginia.

[6]The Public Service Commission also raised as a defense in its motion to dismiss the doctrines of res judicata and collateral estoppel.  Furthermore, it argues that this Court should abstain from entertaining this matter under the <u>Burford</u> doctrine, as well as under <u>Mitcheson v. Harris</u>, 955 F.2d 235 (4th Cir. 1992). Because this Court holds that the Public Service Commission is immune from suit pursuant to sovereign immunity, this Court declines to address the Public Service Commission's additional arguments for dismissal.

and 21 of the Federal Rules of Civil Procedure.[7]  The defendant

Public Service Commission argues that the plaintiff's motion to

amend to add parties must be denied because the plaintiff, most

notably, failed to name the individual commissioners as parties in

the complaint prior to the running of the applicable two-year

statute of limitations.[8]  As previously stated, Rule 15(a) grants

the court broad discretion, and a court should grant leave to amend

absent an improper motive such as undue delay, bad faith, or

successive motions to amend that do not cure the alleged

deficiency.  See Ward Elec. Serv., Inc., 819 F.2d at 497.

As an initial matter, this Court disposes of the plaintiff's

argument that Federal Rule of Civil Procedure 21 allows the

plaintiff to add the commissioners as party defendants in this

action.  Rule 21 of the Federal Rules of Civil Procedure provides

the following:

> Misjoinder of parties is not a ground for dismissing an
> action.  On motion or on its own, the court may at any
> time, on just terms, add or drop a party.  The court may
> also sever any claim against a party.

---

[7]This Court notes that in its motion to amend, the plaintiff
brings suit against the commissioners in their official capacities
for both declaratory and/or injunctive relief for alleged
violations of the plaintiff's constitutional rights.

[8]The parties agree that this matter is governed by West
Virginia Code § 55-2-12 that provides a two-year statute of
limitations for personal injury actions.  See Owens v. Okure, 488
U.S. 235, 249-50 (1989) (holding that a state's "general or
residual statute for personal injury actions" should be applied to
§ 1983 claims); Roberts v. Wood County Comm'n, 782 F. Supp. 45, 46
(S.D. W. Va. 1992) ("In West Virginia, the statute of limitations
for a § 1983 civil rights action is two years.").

Overwhelmingly, courts have held that Rule 21 of the Federal Rules of Civil Procedure only applies when the claims against the new defendants do not arise out of the same transaction or occurrence as the claims against the already-named defendants: "Federal Rule of Civil Procedure 21 . . . applies when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence <u>or</u> do not present common question of law or fact." <u>John S. Clark, Co., Inc. v. Travelers Indem. Co. of Illinois</u>, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004) (internal citation and quotations omitted) (emphasis included). <u>See also e.g.</u> <u>Truesdale v. Ashcroft</u>, 2006 WL 4071948 (D.S.C. 2006); <u>Carbon Fuel Co. v. USX Corp.</u>, 867 F. Supp. 414, 419 (S.D. W. Va. 1994); <u>Jonas v. Conrath</u>, 149 F.R.D. 520, 523 (S.D. W. Va. 1993).

Because the plaintiff is seeking to add the commissioners as party defendants in this case for claims that arise out of the very same transaction and contain common questions of law or fact as those claims already asserted against the defendants named in the complaint, Rule 21 of the Federal Rules of Civil Procedure is inapplicable in this matter. Accordingly, the plaintiff's motion to amend its complaint to add party defendants cannot be granted based on such rule.

Nevertheless, this Court finds that the plaintiff can amend its complaint to add the commissioners as party defendants pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. The parties memoranda concerning the plaintiff's motion to amend its complaint

offer competing arguments on whether the statute of limitations bars the plaintiff from now naming the commissioners as defendants in the present action.[9]  Assuming, without deciding, that the statute of limitations has run, however, this Court holds that the plaintiff's amended complaint relates back to the filing of the original complaint on February 29, 2008 under Rule 15(c) of the Federal Rules of Civil Procedure, thereby making the plaintiff's amended complaint timely.[10]

Rule 15(c) of the Federal Rules of Civil Procedure states, in pertinent part, the following:

**Relation Back of Amendments.**

---

[9]Specifically, the Public Service Commission argues that the statute of limitations began to run on March 2, 2006, the date that the West Virginia Supreme Court of Appeals denied the plaintiff's appeals from the Public Service Commission's decisions regarding the denial of the plaintiff's Certificate and consequent petition for reconsideration.  Accordingly, because the plaintiff filed its motion to amend on June 30, 2008, more than two years after the denial of appeals, the Public Service Commission contends that any action against the individual commissioners is barred by the statute of limitations.  Alternatively, Lackawanna alleges that the right to bring an action did not accrue until July 5, 2006, the date that the Public Service Commission issued its cease and desist order for the compost facility.  Thus, Lackawanna asserts that the statute of limitations did not run until July 5, 2008, and that its amended complaint, as dated June 30, 3008, was timely.

[10]Alternatively, assuming, without deciding, that the statute of limitations has not run, because under Rule 15(a) of the Federal Rules of Civil Procedure, a court should grant leave to amend absent an improper motive such as undue delay or bad faith, Ward Elec. Serv., Inc., 819 F.2d at 497, and because this Court finds no improper motive on the part of the plaintiff, this Court would grant the plaintiff's motion to amend.

(1) When an amendment Relates Back: An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out -- or attempted to be set out -- in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

For an amended complaint that seeks to add a new party to qualify for the protection of the relation back provision of Rule 15(c) of the Federal Rules of Civil Procedure, three elements must be satisfied. Weisgal v. Smith, 774 F.2d 1277, 1278 (4th Cir. 1985). First, the claims asserted in the amended complaint must involve the same transaction or occurrence. Id. Next, the new party must have received notice of the action, within the 120 day period provided by Rule 4(m) of the Federal Rules of Civil Procedure for service of the summons and complaint, such that they will not be prejudiced in defending the action. Id. Lastly, the party to be

added must have known that the action would have been brought against him but for a mistake concerning the party's identity.  Id.

All three necessary elements that must exist for the relation back doctrine to apply to the plaintiff's amended complaint are present in this case.  Lackawanna contends, and the Public Service Commission does not dispute, that the amended complaint arises out of the same conduct, transaction, or occurrence set forth in the original complaint.  Both the original and the amended complaint claim that the plaintiff was deprived of due process, equal protection, and other rights guaranteed by the United States Constitution when the Public Service Commission wrongfully precluded Lackawanna from conducting compost operations at its facility.  The only amendment between the two pleadings is the addition of the three commissioners as party defendants to the action.  Accordingly, because the amended pleading arises out of the same conduct, transaction, or occurrence as provided in the first complaint, the first element in the relation back doctrine is met.

Next, the facts establish that the commissioners did receive notice of the action within the 120 day period provided by Rule 4(m) for serving the summons and complaint.  Notice under Rule 15(c) of the Federal Rules of Civil Procedure may either be formal or informal.  Western Contracting Corp. v. Bechtel Corp., 885 F.2d 1196, 1201 (4th Cir. 1989).  See also Brooks v. Isinghood, 584 S.E.2d 531, 542 (W. Va. 2003) (holding that relation back doctrine

"requires that a party to be brought in by amendment receive notice of the institution of the original action, [and that] the form of the notice may be either formal or informal, and does not require service of the original complaint or summons upon the party affected by the amendment").

In this case, because the plaintiff's complaint was filed on February 29, 2008, the plaintiff had until June 30, 2008 to effectuate service of the complaint and summons.[11]  On June 27, 2008, the plaintiff sent a letter, by both facsimile and Federal Express, to each commissioner of the Public Service Commission that it now seeks to add as defendants to this action discussing the § 1983 action against the Public Service Commission and Wetzel County Waste, as well as advising the commissioners that a motion to amend would be filed to add them as party defendants in the action.  A facsimile report for each letter sent to the three commissioners, Docket No. 25-3, shows that each commissioner received the letter on June 27, 2008, three days before the Rule 4(m) time period expired.  Furthermore, Federal Express Tracking Reports, Docket No. 39, illustrate that on June 30, 2008, each

---

[11]The 120th day for service under Rule 4(m) of the Federal Rules of Civil Procedure actually fell on Saturday, June 28, 2008. Rule 6 of the Federal Rules of Civil Procedure, however, states that in computing time, when the last day for service falls on a Saturday, Sunday, legal holiday, or any other day when the clerk's office is inaccessible, that day is excluded, and the period runs "until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible." Therefore, the plaintiff in this action had until Monday, June 30, 2008, to serve its complaint and summons upon the defendants.

commissioner received, by Federal Express, a copy of both the letter and the § 1983 complaint. Accordingly, this Court holds that the commissioners did receive notice of the action within the applicable time period, and the second element in the relation back doctrine is satisfied.

The crux of the Public Service Commission's argument that the relation back doctrine is inapplicable in this matter lies in the third prong of the relation back doctrine, as the Public Service Commission essentially claims that the plaintiff has failed to demonstrate that the commissioners "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(ii). Instead, the Public Service Commission contends that the plaintiff's failure to name the commissioners was a purposeful and strategic decision. This Court disagrees.

The "mistake" as required under Rule 15(c)(ii) applies to either mistakes of law or mistakes in fact. Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 36 (2d Cir. 1996); Brooks v. Isinghood, 584 S.E.2d 531, 544-46 (W. Va. 2003). After thoroughly reviewing the case law, this Court is persuaded that the mistake requirement of the relation back doctrine for an amended complaint seeking to substitute a party is met in a § 1983 action when a mistake in law is made by suing the state rather than the state officials. Woods v. Indiana Univ., 996 F.2d 880 (7th Cir. 1993).

In <u>Woods v. Indiana Univ.</u>, 996 F.2d at 880, the plaintiff originally filed a civil rights action against "Indiana University-Purdue University at Indianapolis and Indiana University Police Department of Indianapolis." <u>Id.</u> at 883. Because of Eleventh Amendment immunity, Indiana University was dismissed from the case. <u>Id.</u> Thereafter, the plaintiff filed an amended complaint naming as defendants several employees of Indiana University and its police department. <u>Id.</u> The district court dismissed the claims as time-barred under the applicable statute of limitations before the Court of Appeals for the Seventh Circuit reversed and remanded. <u>Id.</u> at 890. In regard to the third element of the relation back doctrine, the Seventh Circuit particularly held that amending the complaint to add employees of the university and university police force as defendants satisfied Rule 15(c) of the Federal Rules of Civil Procedure because knowledge of sovereign immunity and state employees' personal exposure to § 1983 liability was imputable to the defendants:

> Where as in this case . . . the plaintiff's mistake was one of <u>law</u>, the proper analysis of that factor poses a question much like that of determining qualified immunity in Section 1983 actions: whether the legal proposition at issue was "clearly established." As taught in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815-19, 102 S. Ct. 2727, 2736-39, 73 L.Ed.2d 396 (1982), <u>Anderson v. Creighton</u>, 483 U.S. 635, 641, 107 S. Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) and their numerous progeny, for that purpose of the inquiry is objective and not subjective -- in essence, <u>all public officials are presumed to know clearly established law, whether or not they have in fact ever cracked a law book. Here there can be no doubt that every state's sovereign immunity from, and all state employees' personal exposure to, Section 1983 liability for constitutional torts was clearly established when</u>

17

> this lawsuit was filed . . . . And thus the objective question -- what the omitted defendants "should have known" about whether they would have been named to begin with but for the mistake by [the plaintiff's] lawyer, rather than the purely subjective question of what any individual defendant actually knew in that respect-- permits of only one answer.

Id. at 887 (emphasis added). The Court held, therefore, that the third element of the relation back doctrine was met because the proper defendants knew under clearly established § 1983 law that they, and not the sovereign state, were the proper parties that should have been originally sued. Id. See also Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 36 (2d Cir. 1996) ("Since government officials are charged with knowing the law . . . any [Brooklyn Correctional Facility] corrections officers who were aware of a lawsuit arising out of the attack [of the prisoner] 'knew or should have known' that they, not BCF, were subject to liability for the constitutional torts he alleged."); Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186, 201 n.5 (3d Cir. 2001) ("We also note that Rule 15(c)(3)(B)'s[12] requirement has been held to be met (and thus relation back clearly permitted) for an amended complaint that adds or substitutes a party when a plaintiff makes a mistake by suing the state but not individual officers in a § 1983 action."); Lundy v. Adamar of New Jersey, Inc., 34 F.3d

---

[12]Rule 15(c)(ii) of the Federal Rules of Civil Procedure was formerly recognized as Rule 15(c)(3). Nevertheless, as noted by the advisory committee notes concerning the 2007 amendment, "[t]he language of Rule 15 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only."

1173, 1192 n.13 (3d Cir. 1994) (collecting cases); <u>Davis v.</u>
<u>Correctional Med. Sys.</u>, 480 F. Supp. 2d 754, 761 (D. Del. 2007)
(holding that inmate's § 1983 claims in his amended complaint
against employees related back to his timely original complaint
filed only against state contractor).

Here, Lackawanna filed its original § 1983 complaint against
the Public Service Commission rather than the individual
commissioners. As this Court has already ruled upon in Section
IV.A of this memorandum opinion and order, pursuant to the Eleventh
Amendment, the Public Service Commission is immune from suit as to
Lackawanna's claims and must be accordingly dismissed from this
action. As did the court in <u>Woods v. Indiana Univ.</u>, 996 F.2d at
880, however, this Court similarly finds that Lackawanna has now
filed a timely motion to amend its complaint to add the individual
commissioners as party defendants in order to correct a mistake in
law. Because the individual commissioners received notice of the
plaintiff's § 1983 action, and because public officials are charged
with knowing their susceptibility to personal § 1983 liability due
to the state's sovereign immunity, the commissioners of the Public
Service Commission should have known that the action would have
been brought against them except for a mistake in law in the
plaintiff's original complaint. <u>See</u> <u>Woods</u>, 996 F.2d at 887. When
Lackawanna filed its suit, "every State's sovereign immunity from,
and all state employees' personal exposure to, § 1983 liability"

was clearly established. <u>Id.</u> Thus, the last element for the relation back doctrine to apply in this case is met.

Accordingly, because all three requirements of the relation back doctrine under Rule 15(c) of the Federal Rules of Procedure are satisfied in this case, the plaintiff's motion to amend the complaint to add the individual commissioners of the Public Service Commission as party defendants is granted.

V. <u>Conclusion</u>

For the above stated reasons, the defendant Public Service Commission's motion to dismiss is GRANTED. Furthermore, the plaintiff's motion to amend its complaint to add party defendants is also GRANTED.

The Clerk is DIRECTED to file the amended complaint which was attached as "Exhibit A" to the Plaintiff's Motion to Add Party Defendants and to Amend Complaint to Add Party Defendants, Docket No. 25. The plaintiff is DIRECTED to serve the amended complaint on the defendants.

The parties served with the amended complaint shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or crossclaims pursuant to Federal Rule of Civil Procedure 13.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     December 23, 2008


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE