IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LACKAWANNA TRANSPORT COMPANY,

    Plaintiff,

v.                                      Civil Action No. 5:08CV66
                                                    (STAMP)
PUBLIC SERVICE COMMISSION OF WEST VIRGINIA,
WETZEL COUNTY SOLID WASTE AUTHORITY,
PUBLIC SERVICE COMMISSIONER MICHAEL ALBERT,
in his official capacity,
PUBLIC SERVICE COMMISSIONER JON W. McKINNEY,
in his official capacity and
PUBLIC SERVICE COMMISSIONER ED STAATS,
in his official capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
PUBLIC SERVICE COMMISSIONERS' MOTION TO DISMISS**

I.  <u>Procedural History</u>

    The plaintiff, Lackawanna Transport Company ("Lackawanna"), filed a complaint under 42 U.S.C. § 1983 against the Public Service Commission of West Virginia ("Public Service Commission") and Wetzel County Solid Waste Authority ("Wetzel County Waste"), alleging that the defendants deprived Lackawanna of due process, equal protection, and other rights guaranteed by the United States Constitution. On December 23, 2008, this Court entered a memorandum opinion and order granting the Public Service Commission's motion to dismiss, and granting Lackawanna's motion to amend its complaint to add the individual commissioners of the Public Service Commission as party defendants. Subsequently, Public Service Commissioners Michael Albert, Jon W. McKinney, and

Ed Staats (collectively "the Commissioners"), were added as defendants in this case, in their official capacities.

Currently before this Court is the Commissioners' motion to dismiss, to which Lackawanna filed a response in opposition, and the Commissioners replied.[1] For the reasons set forth below, the Commissioners' motion is granted.

## II. Facts[2]

In 2001, Herbert L. Heiss, filed a complaint with the Public Service Commission, alleging that Lackawanna, doing business as Wetzel County Landfill, was operating a commercial sewage sludge composting facility without first obtaining the required Certificate of Need ("Certificate") under West Virginia Code § 24-2-1C(a), and requesting that Lackawanna apply for and obtain such a Certificate. Lackawanna's response to the complaint, in turn, was that the Public Service Commission previously granted it a Certificate for a landfill on the same site as the sewage sludge composting facility, and therefore, this earlier Certificate impliedly allowed Lackawanna to conduct composting operations on that same site.

---

[1] On March 2, 2009, the Commissioners also filed a motion for an extension of the page limit in support of their motion to dismiss pursuant to Local Rule of Civil Procedure 7.02. This Court granted that motion on June 11, 2009.

[2] In accordance with the applicable standard of review, stated below concerning a motion to dismiss, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

Following several administrative proceedings, Lackawanna filed for a Certificate. The Public Service Commission, however, then issued a ruling that Lackawanna was illegally operating the composting facility because it failed to acquire the necessary Certificate. Lackawanna appealed the Public Service Commission's decision that it needed to obtain a Certificate for its composting facility to the West Virginia Supreme Court of Appeals, but the Court deferred any ruling until the Public Service Commission determined whether Lackawanna's Certificate application would be granted.

Ultimately, the Public Service Commission denied Lackawanna's Certificate application,[3] and after Lackawanna filed a petition for reconsideration, which the Public Service Commission also denied, Lackawanna filed a second appeal to the West Virginia Supreme Court of Appeals, appealing the final order of the Public Service Commission refusing its Certificate application and denying its petition for reconsideration. Moreover, Wetzel County Waste petitioned the West Virginia Supreme Court of Appeals for a writ of mandamus ordering the Public Service Commission to issue Lackawanna

---

[3]In denying Lackawanna's Certificate application, the Public Service Commission noted that Lackawanna did not obtain siting approval from Wetzel County Waste for its composting facility. Accordingly, because pursuant to West Virginia Code § 24-2-1C(d)(3), the Public Service Commission can only issue a Certificate where a facility's location is consistent with the solid waste authority's local siting plant, Lackawanna's application was denied.

3

a cease and desist order for its illegal operation of the composting facility.

The West Virginia Supreme Court of Appeals refused both of Lackawanna's appeal petitions, making the Public Service Commission's denial of Lackawanna's Certificate application and subsequent motion for reconsideration final. The Court also determined that a writ of mandamus shall issue directing the Public Service Commission to issue a cease and desist order regarding Lackawanna's composting facility. See Wetzel County Solid Waste Auth. v. Pub. Serv. Comm'n of W. Va., 633 S.E.2d 286 (W. Va. 2006).

After all of these proceedings, Lackawanna filed the above-styled civil action in this Court under 42 U.S.C. § 1983, seeking both declaratory and injunctive relief, and alleging that the Public Service Commission and Wetzel County Waste deprived Lackawanna of due process, equal protection, and certain other rights guaranteed by the United States Constitution. Specifically, Lackawanna argues that the Public Service Commission and Wetzel County Waste violated Lackawanna's constitutionally protected procedural and substantive due process and equal protection rights by circumventing a statutory appeal process that should have been followed if they believed that Lackawanna's permits were unlawfully issued. By doing this, Lackawanna contends that the defendants deprived it of its right to continue operation of its solid waste facility.

III. Applicable Law

A. Rule 12(b)(1) Motion to Dismiss

The burden of proving subject matter jurisdiction on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990).

Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

B.  <u>Rule 12(b)(6) Motion to Dismiss</u>

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990).  Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  <u>Id.</u> at 143-44 (quoting <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)); <u>see also</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (2d ed. 1990).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  <u>Id.</u> § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a

claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

The Commissioners advance several arguments in support of their motion to dismiss, including the doctrines of res judicata and collateral estoppel; abstention pursuant to Mitcheson v. Harris, 955 F.2d 235 (4th Cir. 1992), and Burford v. Sun Oil Co., 319 U.S. 315 (1943); the Rooker-Feldman doctrine; and qualified immunity.

Although the Commissioners have raised multiple grounds upon which to dismiss this action, this Court must first determine whether it has subject matter jurisdiction. If subject matter jurisdiction is lacking, then the action must be dismissed, and other grounds for dismissal need not be addressed. Accordingly, because the Commissioners have moved to dismiss for lack of subject matter jurisdiction, and rely, in part, upon the Rooker-Feldman

doctrine, this Court examines whether the doctrine requires dismissal.

The Rooker-Feldman doctrine is "a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." Holliday Amusement v. State of South Carolina, 401 F.3d 534, 537 (4th Cir. 2005). Under the doctrine, "federal district courts are barred from considering issues already presented by a party and decided by a state court and also are barred from hearing Constitutional claims that are 'inextricably intertwined with questions [so] ruled upon by a state court.'" Id. (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). Thus, "the controlling question . . . is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997)).

A federal claim is "inextricably intertwined" with a state court decision if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. (quoting Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 819 (4th Cir. 2000)). Therefore, "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates

8

the loser's federal rights." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (internal quotations omitted). Rooker-Feldman is therefore implicated "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl, 122 F.3d at 202 (internal quotations omitted).

The Commissioners argue that the Rooker-Feldman doctrine is applicable because Lackawanna, through this civil action, is requesting that this Court ultimately overrule the West Virginia Supreme Court of Appeals' decision in Wetzel County Solid Waste Auth., 633 S.E.2d at 286. Lackawanna responds that it is not asking this Court to review that decision, and that therefore, the Rooker-Feldman doctrine has no application to this case. Rather, Lackawanna argues that it is alleging a constitutional violation independent of the injury caused in that decision, particularly that the Public Service Commission and Wetzel County Waste divested Lackawanna of its property rights in its permit without following a statutory appeals process. This constitutional violation, Lackawanna argues, was not decided in the Wetzel County Solid Waste Auth. opinion.

Upon review of the record and the parties' pleadings, this Court concludes that the Rooker-Feldman doctrine applies to the facts of this case, and consequently, this Court does not have subject matter jurisdiction. Should this Court grant Lackawanna

9

relief, it would effectually overrule the West Virginia Supreme Court of Appeals' decision in <u>Wetzel County Solid Waste Auth</u>.

In a similar case, the United States Court of Appeals for the Fourth Circuit affirmed a district court's dismissal of the plaintiff's procedural and due process claims under the <u>Rooker-Feldman</u> doctrine. <u>Shooting Point, L.L.C. v. Cumming</u>, 368 F.3d 379 (4th Cir. 2004). In that case, Virginia state courts had previously held that the plaintiffs were not entitled to a required commercial entrance permit under the then-prevailing state law. <u>Id.</u> at 384. The plaintiffs filed suit pursuant to § 1983 in the federal district court, alleging that the defendant deprived them of due process of law in the delayed issuance of the permit. <u>Id.</u> In affirming the dismissal, the Fourth Circuit recognized that "the state courts have already decided that 'the issuance of the commercial entrance permit to the Plaintiffs was impermissible . . . .'" <u>Id.</u> at 385 (quoting <u>Shooting Point v. Cumming</u>, 238 F. Supp. 2d 729, 738 (E.D. Va. 2002)). Therefore,

> [t]o grant relief to [the plaintiffs], the district court would have to rule that the state court's decision was wrong and that the Plaintiffs were entitled to the permit. Even though the actual language and tenor of the district court's opinion might not explicitly declare the state judgment invalid, when the effect of its decision would carry the same import and would clearly render the state court judgment ineffectual, <u>Rooker-Feldman</u> is a bar to federal jurisdiction. Thus, [these counts] were properly dismissed.

<u>Id.</u> (internal citations and quotations omitted).

Here, the West Virginia Supreme Court of Appeals has already held that the Public Service Commission "has issued a lawful order

10

finding Lackawanna to be operating illegally . . . ." Wetzel County Waste Auth., 633 S.E.2d at 292. Furthermore, the state court held that "a writ of mandamus shall issue directing the [Public Service Commission] to immediately issue a cease and desist order with regard to the Lackawanna commercial composting facility." Id. To grant Lackawanna relief in this civil action, this Court would essentially have to overrule that state court decision and, instead, hold that the Public Service Commission's issuance of the order was actually unlawful because it circumvented mandatory statutory procedures. Such a ruling "would clearly render the state court judgment ineffectual." Shooting Point, L.L.C., 368 F.3d at 385. Thus, because a favorable decision by this Court "would produce a result that [is] at odds with the result reached in the state court[ ]," Lackawanna's complaint against the Commissioners is barred by the Rooker-Feldman doctrine, and it must be dismissed for lack of subject matter jurisdiction as to these defendants. Id. at 384.

Even if this Court assumes that it has jurisdiction, however, it would still find dismissal against the Commissioners warranted under Burford, 319 U.S. at 317-18, which states that a federal court may abstain based on its sound discretion where an important state interest is implicated. Lackawanna contends that the so-called Burford abstention is not applicable to this case because there are no pending administrative or state proceedings. Furthermore, Lackawanna argues that the constitutional claims that

they assert in this action are only tangentially related to a comprehensive statutory and regulatory scheme. This Court disagrees.

Burford abstention allows a federal court from interfering with complex state regulatory schemes by abstaining if a case "presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 726-27 (1996). The Fourth Circuit has repeatedly held Burford abstention is applicable in cases involving the regulation of landfills. See, e.g. Browning-Ferris, Inc. v. Baltimore County, Maryland, 774 F.2d 77, 79 (4th Cir. 1985) ("[L]and use questions, especially those that involve the regulation of trash dumps, are the peculiar concern of local and state governments, and traditionally, federal courts have not interfered with state courts in the area of land use policy."); LCS Servs., Inc. v. Hamrick, 948 F.2d 1281 (4th Cir. 1991) (unpublished) (same).

In Fourth Quarter Properties IV, Inc. v. City of Concord, North Carolina, 127 F. App'x 648 (4th Cir. 2005) (unpublished), the plaintiffs alleged that the defendants committed a taking without just compensation, as well as violated their substantive due process rights, by failing to issue them a zone clearance permit

for the development of a shopping center. In affirming the district court's discretionary decision to abstain under Burford, the Fourth Circuit determined that because the plaintiffs' federal substantive due process claim was nothing more than a state law claim disguised as a federal claim, abstention was appropriate:

> In order to succeed on its due process claim, [the plaintiffs] must establish . . . that [the defendant] engaged in state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies. <u>One cannot, however, determine whether [the defendant's] actions were arbitrary and irrational without adjudicating the rights and duties of the parties pursuant to state zoning law at issue</u>. Additionally, determining whether [the plaintiffs] could have avoided the City's actions through pre-deprivation procedural protections or post-deprivation state remedies requires determining what those protections and remedies are under state law. We agree with the district court's assessment that [the plaintiffs'] due process claim is inextricably woven with [its] state law zoning dispute claims. Accordingly, the due process claims is not an independent federal claim sufficient to survive Burford abstention.

Id. (internal citations and quotations omitted) (emphasis added).

This Court finds that for similar reasons as those presented in Fourth Quarter, abstention is warranted in this case. As an initial matter, this Court rejects Lackawanna's argument that Burford abstention only applies when there are pending state administrative or judicial proceedings. See Educ. Servs., Inc. v. Maryland State Bd. of Higher Educ., 710 F.2d 170, 172-73 (4th Cir. 1983) ("In considering the propriety of abstention in this case, we note initially that it lacks one predicate common to at least two varieties of that doctrine, the pendency of state judicial

13

proceedings concerning the same matters . . . . As a consequence, we have only to consider Burford . . . abstention . . ."); First Penn-Pacific Life Ins. Co. v. Evans, 162 F. Supp. 2d 423, 428 (D. Md. 2001) ("Plaintiff argues that Burford-type abstention should be used only when there exists a possibility of interference with an ongoing state administrative proceeding. There is no merit to this argument . . . [b]oth the Supreme Court and the Fourth Circuit have applied Burford abstention principles in the absence of any underlying state administrative proceeding.") (citing Quackenbush, 517 U.S. at 706; Johnson v. Collins Entm't Co., Inc., 199 F.3d 710 (4th Cir. 1999)).

Moreover, Lackawanna's constitutional claims are "not . . . independent federal claim[s] sufficient to survive Burford abstention." Fourth Quarter, 127 F. App'x at 655. The issue before this Court is whether the Public Service Commission and Wetzel County Waste deprived Lackawanna of its federal constitutional rights by failing to follow a statutory appeal process and, thus, depriving it of its right to continue operation of its solid waste facility. If this Court heard this case, it would have to decide the rights, duties, protections, and possible remedies provided to the parties under the state law governing the operation of landfills. Should it find that the Public Service Commission and Wetzel County Waste were mandated to follow an appeal process, this Court would be forced to order the state to reopen the land use proceedings and require them to follow certain

procedures.  Thus, the "federal court of necessity would become involved in the complexities of state land use control." Browning-Ferris, Inc., 774 F.2d at 80.  Accordingly, even if this Court had jurisdiction to decide this case, Burford abstention is warranted, and dismissal under the abstention doctrine would be appropriate.[4]

V.  Conclusion

For the reasons stated above, the Commissioners' motion to dismiss is GRANTED.[5]

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 16, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[4] As indicated above, the Commissioners also argue in their motion to dismiss that Lackawanna's complaint is barred by the doctrines of res judicata and collateral estoppel.  This Court is not able to determine, based upon the record provided to it by both parties, whether these doctrines bar Lackawanna's claims in this case.  Furthermore, this Court finds that the factors outlined in Nautilus Ins. Co. v. Winchester Homes, Inc. 15 F.3d 317 (4th Cir. 1994), do not lead this Court to conclude that dismissal of this action is appropriate pursuant to Mitcheson v. Harris, 955 F.2d at 235.  Finally, this Court declines to make any ruling on the Commissioner's qualified immunity argument.  The defendants state that they raise qualified immunity to protect themselves from any monetary damages asserted in this matter.  As they concede in their reply brief, however, it remains unclear as to whether Lackawanna is still seeking compensatory and punitive damages.

[5] This case will proceed as against the remaining defendant, Wetzel County Solid Waste Authority.