IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LACKAWANNA TRANSPORT COMPANY,

    Plaintiff,

v.                                      Civil Action No. 5:08CV66
                                                  (STAMP)
PUBLIC SERVICE COMMISSION
OF WEST VIRGINIA and
WETZEL COUNTY SOLID
WASTE AUTHORITY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING WETZEL COUNTY SOLID WASTE AUTHORITY'S
MOTION TO DISMISS COUNTS I AND II OF THE COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION,
GRANTING PLAINTIFF'S ORAL MOTION TO WITHDRAW
COUNT III OF THE COMPLAINT WITH PREJUDICE,
DENYING AS MOOT WETZEL COUNTY SOLID WASTE AUTHORITY'S
MOTION FOR SUMMARY JUDGMENT ON COUNT III AND
DENYING WITHOUT PREJUDICE WETZEL COUNTY SOLID WASTE AUTHORITY'S
MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II**

I.  Procedural History

The plaintiff, Lackawanna Transport Company ("Lackawanna"), filed a complaint under 42 U.S.C. § 1983 against the Public Service Commission of West Virginia ("Public Service Commission") and Wetzel County Solid Waste Authority ("Wetzel County Waste"), alleging that the defendants deprived Lackawanna of due process and equal protection under both the Fourteenth ("Count I") and Fifth Amendments ("Count II") of the United States Constitution, respectively. Lackawanna also brought a First Amendment claim ("Count III") against Wetzel County Waste alleging that it violated the Free Speech and Petition Clauses by creating a "prior restraint" on Lackawanna's speech.

On December 23, 2008, this Court entered a memorandum opinion and order granting the Public Service Commission's motion to dismiss, and granting Lackawanna's motion to amend its complaint to add the individual commissioners of the Public Service Commission as party defendants. Subsequently, Public Service Commissioners Michael Albert, Jon W. McKinney, and Ed Staats (collectively "the Commissioners") were added as defendants in this case, in their official capacities.

Thereafter, on March 16, 2010, this Court granted the Commissioners' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure under the Rooker-Feldman doctrine, and alternatively, Burford abstention. The case was ordered to proceed, however, as against the remaining defendant, Wetzel County Waste, as to all three counts because no motions were before the Court as to that individual defendant.

Currently before the Court are several motions filed by Wetzel County Waste, including the following: (1) motion to dismiss Counts I and II of the complaint for lack of subject matter jurisdiction; (2) motion for summary judgment on Count III; and (3) motion for summary judgment on Counts I and II.[1]  Lackawanna did not file a response to any of these motions.

Before the Court was able to rule on these motions, however, Attorney Albert A. DeGennaro, representing the plaintiff, requested

---

[1]Wetzel County Waste also filed a supplemental memorandum in support of its motions for summary judgment.

that a status and scheduling conference be held in the above-captioned civil action to discuss Wetzel County Waste's pending motions, as well as the status of Lackawanna's claims against Wetzel County Waste. Thus, this Court scheduled a status and scheduling conference for May 10, 2010.

At this conference, the parties agreed that this Court should grant Wetzel County Waste's motion to dismiss Counts I and II of the complaint for lack of subject matter jurisdiction for the same reasons as discussed in this Court's March 16, 2010 memorandum opinion and order granting the Commissioners' motion to dismiss. Furthermore, Lackawanna agreed to withdraw Count III of the complaint with prejudice, to which this Court granted that oral motion, and accordingly denied as moot Wetzel County Waste's motion for summary judgment on Count III. This Court also denied without prejudice Wetzel County Waste's motion for summary judgment on Counts I and II. This memorandum opinion and order sets forth in more detail the pronounced rulings made by this Court at the status and scheduling conference with the parties conducted on May 10, 2010.

## II. Facts

The genesis and facts of this case are familiar territory. In 2001, Herbert L. Heiss, filed a complaint with the Public Service Commission, alleging that Lackawanna, doing business as Wetzel County Landfill, was operating a commercial sewage sludge composting facility without first obtaining the required

Certificate of Need ("Certificate") under West Virginia Code § 24-2-1C(a), and requesting that Lackawanna apply for and obtain such a Certificate. Lackawanna's response to the complaint, in turn, was that the Public Service Commission previously granted it a Certificate for a landfill on the same site as the sewage sludge composting facility, and therefore, this earlier Certificate impliedly allowed Lackawanna to conduct composting operations on that same site.

Following several administrative proceedings, Lackawanna filed for a Certificate. The Public Service Commission, however, then issued a ruling that Lackawanna was illegally operating the composting facility because it failed to acquire the necessary Certificate. Lackawanna appealed the Public Service Commission's decision that it needed to obtain a Certificate for its composting facility to the West Virginia Supreme Court of Appeals, but the Court deferred any ruling until the Public Service Commission determined whether Lackawanna's Certificate application would be granted.

Ultimately, the Public Service Commission denied Lackawanna's Certificate application,[2] and after Lackawanna filed a petition for

---

[2] In denying Lackawanna's Certificate application, the Public Service Commission noted that Lackawanna did not obtain siting approval from Wetzel County Waste for its composting facility. Accordingly, because pursuant to West Virginia Code § 24-2-1C(d)(3), the Public Service Commission can only issue a Certificate where a facility's location is consistent with the solid waste authority's local siting plant, Lackawanna's application was denied.

4

reconsideration, which the Public Service Commission also denied, Lackawanna filed a second appeal to the West Virginia Supreme Court of Appeals, appealing the final order of the Public Service Commission refusing its Certificate application and denying its petition for reconsideration.  Moreover, Wetzel County Waste petitioned the West Virginia Supreme Court of Appeals for a writ of mandamus ordering the Public Service Commission to issue Lackawanna a cease and desist order for its illegal operation of the composting facility.

The West Virginia Supreme Court of Appeals refused both of Lackawanna's appeal petitions, making the Public Service Commission's denial of Lackawanna's Certificate application and subsequent motion for reconsideration final.  The Court also determined that a writ of mandamus shall issue directing the Public Service Commission to issue a cease and desist order regarding Lackawanna's composting facility.  See Wetzel County Solid Waste Auth. v. Pub. Serv. Comm'n of W. Va., 633 S.E.2d 286 (W. Va. 2006).

After all of these proceedings, Lackawanna filed the above-styled civil action in this Court under 42 U.S.C. § 1983, seeking both declaratory and injunctive relief, and alleging that the Public Service Commission and Wetzel County Waste deprived Lackawanna of due process, equal protection, and certain other rights guaranteed by the United States Constitution. Specifically, Lackawanna argues that the Public Service Commission and Wetzel County Waste violated Lackawanna's constitutionally protected

5

procedural and substantive due process and equal protection rights by circumventing a statutory appeal process that should have been followed if they believed that Lackawanna's permits were unlawfully issued. By doing this, Lackawanna contends that the defendants deprived it of its right to continue operation of its solid waste facility.

### III. Applicable Law

A. Rule 12(b)(1) Motion to Dismiss

The burden of proving subject matter jurisdiction on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990).

Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the

trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

B. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine

factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 812 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Motion to Dismiss Counts I and II of the Complaint for Lack of Subject Matter Jurisdiction

Wetzel County Waste argues that the reasoning and conclusions of this Court in its March 16, 2010 memorandum opinion and order granting the Commissioners' motion to dismiss also requires the dismissal of Counts I and II as against Wetzel County Waste. In that memorandum opinion and order, this Court concluded that the Rooker-Feldman[3] doctrine applied, and consequently, it did not have

---

[3] The Rooker-Feldman doctrine is "a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." Holliday Amusement v. State of South Carolina, 401 F.3d 534, 537 (4th Cir. 2005). Under the doctrine, "federal district courts are barred from considering issues already presented by a party and decided by a state court and also are barred from hearing Constitutional claims that are 'inextricably intertwined with questions [so] ruled upon by a state court.'" Id. (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). Thus, "the controlling question . . . is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997)).

A federal claim is "inextricably intertwined" with a state court decision if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. (quoting Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 819 (4th Cir. 2000)). Therefore, "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (internal quotations omitted). Rooker-Feldman is therefore implicated "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl, 122 F.3d at 202 (internal quotations omitted).

9

subject matter jurisdiction, because should it grant Lackawanna relief, it would effectually overrule a previous West Virginia Supreme Court of Appeals' decision. See Wetzel County Solid Waste Auth., 633 S.E.2d at 292. This Court stated:

> Here, the West Virginia Supreme Court of Appeals has already held that the Public Service Commission "has issued a lawful order finding Lackawanna to be operating illegally . . . ." Wetzel County Waste Auth., 633 S.E.2d at 292. Furthermore, the state court held that "a writ of mandamus shall issue directing the [Public Service Commission] to immediately issue a cease and desist order with regard to the Lackawanna commercial composting facility." Id. To grant Lackawanna relief in this civil action, this Court would essentially have to overrule that state court decision and, instead, hold that the Public Service Commission's issuance of the order was actually unlawful because it circumvented mandatory statutory procedures. Such a ruling "would clearly render the state court judgment ineffectual." Shooting Point, L.L.C., 368 F.3d at 385. Thus, because a favorable decision by this Court "would produce a result that [is] at odds with the result reached in the state court[ ]," Lackawanna's complaint against the Commissioners is barred by the Rooker-Feldman doctrine, and it must be dismissed for lack of subject matter jurisdiction as to these defendants. Id. at 384.

See Lackawanna Transport Co. v. Public Service Comm'n of West Virginia, 2010 WL 1067409, at *5 (Mar. 16, 2010).

Moreover, this Court held that even if it assumed that it had jurisdiction, it would still find dismissal against the Commissioners warranted under Burford v. Sun Oil Co., 319 U.S. 315 (1943).[4] Specifically, this Court recognized that the United

---

[4]Burford abstention allows a federal court from interfering with complex state regulatory schemes by abstaining if a case "presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy

10

States Court of Appeals for the Fourth Circuit has repeatedly held <u>Burford</u> abstention to be applicable in cases involving the regulation of landfills. <u>See, e.g.</u> <u>Browning-Ferris, Inc. v. Baltimore County, Maryland</u>, 774 F.2d 77, 79 (4th Cir. 1985); <u>LCS Servs., Inc. v. Hamrick</u>, 948 F.2d 1281 (4th Cir. 1991) (unpublished). Furthermore, this Court determined that if it heard this case, it would have to decide complicated issues under state law governing the operations of landfills, and possibly be forced to order the state to reopen land use proceedings and follow certain procedures. This would compel this Court to become involved "in the complexities of state land use control," and as such, warranted dismissal under <u>Burford</u> abstention. <u>Browning-Ferris, Inc.</u>, 774 F.2d at 80.

After reviewing this Court's March 16, 2010 memorandum opinion and order, and believing that that earlier opinion correctly applies the law, this Court agrees with Wetzel County Waste that for the same reasons as discussed in that opinion, Counts I and II must also be dismissed against Wetzel County Waste. Indeed, the parties agreed at the May 10, 2010 status and scheduling conference that the issues and arguments presented in Wetzel County Waste's motion to dismiss are <u>identical</u> to those addressed and disposed of in this Court's memorandum opinion and order dismissing the Commissioners. As such, this Court, relying upon the same

---

with respect to a matter of substantial public concern." <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 726-27 (1996).

11

reasoning and analysis presented in Lackawanna, 2010 WL 1067409, hereby grants Wetzel County Waste's motion to dismiss Counts I and II of the complaint pursuant to the Rooker-Feldman doctrine or, alternatively, Burford abstention.

B.  Motion for Summary Judgment on Count III

At the May 10, 2010 status and scheduling conference before this Court, Lackawanna agreed to withdraw with prejudice Count III against Wetzel County Waste, to which Wetzel County Waste had no objection. Accordingly, Lackawanna's request to withdraw with prejudice Count III is granted. In light of this decision, Wetzel County Waste's motion for summary judgment on Count III is denied as moot.

C.  Motion for Summary Judgment on Counts I and II

In this motion for summary judgment, Wetzel County Waste argues that the doctrines of res judicata and collateral estoppel bar Lackawanna's claims in this case. This Court, in its March 16, 2010 memorandum opinion and order granting the Commissioners' motion to dismiss held that it was not able to determine, based upon the record provided to it by both parties, whether these doctrines barred such claims. Consistent with that previous memorandum opinion and order, this Court denies without prejudice Wetzel County Waste's motion for summary judgment on Counts I and II.

## V. Conclusion

For the reasons set forth above, Wetzel County Solid Waste Authority's motion to dismiss Counts I and II of the complaint for lack of subject matter jurisdiction is GRANTED; Lackawanna Transport Company's oral motion to withdraw with prejudice Count III of the complaint is GRANTED; Wetzel County Solid Waste Authority's motion for summary judgment on Count III is DENIED AS MOOT; and Wetzel County Solid Waste Authority's motion for summary judgment on Counts I and II is DENIED WITHOUT PREJUDICE. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:  May 14, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE